1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF NEVADA**

10

11   JOHN SPISAK,                          Case No. 3:22-cv-00173-LRH-CLB

12                  Petitioner,            **ORDER**

13         v.

14   WARDEN OLSEN, et al.,

15                  Respondents.

16

17        This is a habeas corpus action.  Petitioner John Spisak has submitted an application to

18   proceed in forma pauperis, ECF No. 1, a petition for a writ of habeas corpus, ECF No. 1-1, a

19   motion for change of venue, ECF No. 1-3, and an emergency motion for injunctive relief, ECF

20   No. 3.  The court finds that Spisak is unable to afford the filing fee, and the court grants the

21   application to proceed in forma pauperis.  The court has reviewed the petition under Rules 4 and

22   1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Spisak's

23   petition is far too vague, and he will need to file an amended petition that corrects the defect.  The

24   court denies the motion for change of venue.  Finally, Spisak's motion for injunctive relief asks

25   for relief that is outside the core of habeas corpus, and the court denies it.

26        Spisak has used the form for a habeas corpus petition under 28 U.S.C. § 2241.  Spisak is

27   in custody pursuant to a state-court judgment of conviction.  To the extent that Spisak is

28   challenging his custody pursuant to that judgment, the procedures and restrictions of 28 U.S.C.

                                             1

1    § 2254 apply.  Spisak does have vague allegations about the Interstate Agreement on Detainers.

2    To the extent that he is challenging the validity of a detainer that another state has placed on him,

3    § 2241 applies.

4         However, all of Spisak's allegations, by themselves, are far too vague.  His four grounds

5    for relief are, in full:

6        "14th Amendment.  Due Process, treaties!  Agreement on interstate detainers.
       Want injunction on that.  See: Exhibit (A) 75 pages of exhibits case law/anno."

7

8        "14th Amendment; 4th Amendment.  Invalid search/arrest.  Extradition Act,
       treaties, Due process.  See Exhibit (C) 324 page(s) case law/anno."

9        "14th Amendment; Due Process.  Denied Access to Courts, 20+ year(s).  See:
       Exhibit (B) & Affidavit to proceed in forma pauperis.  132 page(s) case law/anno."

10

11        "Due process.  Conditions of Confinement; No Medical Dental, Horrible
       conditions, slavery peonage 13th Amend stealing monies no due process, No
       Access to Law Library, Invalid Law Library.  See:  Exhibit (B) 32 pgs case law

12        annos, Exhibit (D) 200 pgs. case law annos, Exhibit, No Access to Courts See:
       Affidavit to proceed in forma pauperis."

13

14    ECF No. 1-1 at 4-6.  Spisak attached more than 600 pages of exhibits to the petition.  The court

15    will not pick through hundreds of pages to construct claims for him.  See Rule 2(c)(2), Rules

16    Governing Section 2254 Cases in the United States District Courts.  Spisak needs to allege the

17    facts supporting each claim in the body of the claim itself.  The court will give him the

18    opportunity to file an amended complaint that corrects this defect.

19        Spisak's motion for change of venue is confusing.  He is a prisoner in the Northern

20    Nevada Correctional Center, in Carson City.  The correct venue for a habeas corpus petition that

21    challenges his custody is the unofficial Northern Division of the District of Nevada, and he filed

22    his petition here.  See LR IA 1-6, 1-8(a).  Spisak has not given any reason why this is the

23    incorrect venue, and the court denies his motion.

24        Spisak's emergency motion for an injunction, ECF No. 3, asks for the following relief:

25        "Prison stop stealing my legal work."

26        "Not making me give my property to them before I go home on May 5, 2022.
       Hence the night before May 4, 2022."

27

28        "Not to shipped down south to Southern Desert ever again period."

1    "Postal Inspectors, Secret Service and IRS Inspectors and FBI investigate."

2    "Replace houses, cars, cash with interest."

3    "Injunction on them going through my mail.  I'm not under investigation."

4    "Stop having females doing the dirty work for the Warden."

5    ECF No. 3 at 5.  All of these requests are outside of the core of habeas corpus.  Even if Spisak

6    was successful in his motion, none of that relief would affect the duration or level of his custody.

7    Consequently, his motion for injunctive relief is not addressable in federal habeas corpus.  Nettles

8    v. Grounds, 830 F.3d 922, 930-31 (9th Cir. 2016) (en banc).  The court denies the motion for

9    injunctive relief.

10    IT THEREFORE IS ORDERED that the application to proceed in forma pauperis (ECF

11    No. 1) is **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

12    IT FURTHER IS ORDERED that the clerk of the court shall file the petition for a writ of

13    habeas corpus and the motion for change of venue, currently in the docket at ECF No. 1-1 and 1-

14    3, respectively.

15    IT FURTHER IS ORDERED that the motion for change of venue is **DENIED**.

16    IT FURTHER IS ORDERED that the emergency motion for injunctive relief (ECF No. 3)

17    is **DENIED**.

18    IT FURTHER IS ORDERED that the clerk of the court send petitioner a petition for a

19    writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions.  Petitioner will have

20    30 days from the date that this order is entered in which to file an amended petition to correct the

21    noted deficiencies.  Neither the foregoing deadline nor any extension thereof signifies or will

22    signify any implied finding of a basis for tolling during the time period established.  Petitioner at

23    all times remains responsible for calculating the running of the federal limitation period under 28

24    U.S.C. § 2244(d)(1) and timely asserting claims.  Failure to comply with this order will result in

25    the dismissal of this action.

26    IT FURTHER IS ORDERED that petitioner must clearly title the amended petition as

27    such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas

28

3

1  Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner must place the case

2  number, 3:22-cv-00173-LRH-CLB, above the word "AMENDED."

3        IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the

4  State of Nevada, as counsel for respondents.

5        IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance

6  within 21 days of entry of this order, but no further response will be required from respondents

7  until further order of the court.

8        IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior

9  filings to the Attorney General in a manner consistent with the clerk's current practice, such as

10  regeneration of notices of electronic filing.

11        DATED: May 4, 2022.

12  _____

13  LARRY R. HICKS
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4